Fill in this information to identify your case:

Debtor 1: **Carmen M D'Zela**
    First Name   Middle Name   Last Name

Debtor 2:
(Spouse, if filing)   First Name   Middle Name   Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1075** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor    **Carmen M D'Zela**                                  Case number

☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■   Debtor(s) will treat income refunds as follows:
    **On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

**2.4 Additional payments.**
  *Check one.*
  ■   **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**64,500.00**.

| Part 3: | **Treatment of Secured Claims** |

**3.1**   **Maintenance of payments and cure of default, if any.**

  *Check one.*
  ■   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

  ☐   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
      *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

  ■   The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

      The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

      The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

      (a) payment of the underlying debt determined under nonbankruptcy law, or

      (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **State of Illinois** | **$9,000.00** | **1540 N Maplewood Chicago, IL 60622 Cook County** | **$525,000.00** | **$445,000.00** | **$9,000.00** | **4.00%** | **$165.75** | **$9,944.92** |

*Insert additional claims as needed.*

  **3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

Debtor  **Carmen M D'Zela**    Case number

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**6,450.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ■ The debtor(s) estimate the total amount of other priority claims to be **$29,324.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $     .
- ■ **10.00**% of the total amount of these claims, an estimated payment of $  **14,781.08**  .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

Debtor    **Carmen M D'Zela**                                    Case number

■    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

■    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:  Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐   plan confirmation.
■   entry of discharge.
☐   other: _____

### Part 8:  Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
■    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:  Signature(s):

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Carmen M D'Zela**                                X   _____
     **Carmen M D'Zela**                                        Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **October 23, 2018**                    Executed on _____

X    **/s/ David H. Cutler**                                Date    **October 23, 2018**
     **David H. Cutler**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor    **Carmen M D'Zela**                                    Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $9,944.92 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $39,774.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $14,781.08 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | **$64,500.00** |

United States Bankruptcy Court
Northern District of Illinois

In re:  
Carmen M D'Zela  
    Debtor

Case No. 18-29832-CAD  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0752-1     User: lmendoza     Page 1 of 2     Date Rcvd: Oct 25, 2018  
                     Form ID: pdf001     Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2018.
```
db            +Carmen M D'Zela,    9655 Woods Drive,     Skokie, IL 60077-4418
27190668      +Amex,    Correspondence/Bankruptcy,     Po Box 981540,    El Paso, TX 79998-1540
27190669      +Ann & Robert Lurie,    Po Box 4051,    Carol Stream, IL 60197-4051
27190672      +Catherine Cook School,     226 W Schiller St,     Chicago, IL 60610-1808
27190673      +Certified Services Inc,    Attn: Bankruptcy Dept,    1300 N Skokie Highway Suite 103a,
               Gurnee, IL 60031-2144
27190674      +Childrens Surgical Foundation,     737 N Michigan Ave. Ste. 1650,     Chicago, IL 60611-6748
27190676      +Client Servcies,    3451 Harry S Truman Blvd.,     Saint Charles, MO 63301-4047
27190679      +Home Depot Credit Services,    Att. Bankruptcy,     PO Box 9001030,    Louisville, KY 40290-1030
27190680      +ICS Collection Service,     PO Box 1010,    Tinley Park, IL 60477-9110
27190684      +Lincoln Park OBGYN,     Po Box 578220,    Chicago, IL 60657-7303
27190686      +Lionel Girardin,    327 Kilpatrick,     Wilmette, IL 60091-2953
27190685      +Lionel Girardin,    327 Kilpatrick Ave.,     Wilmette, IL 60091-2953
27190691      +North River Properties, Inc.,    c/o Registered Agent,    35 East Wacker Dr. Ste 650,
               Chicago, IL 60601-2119
27190692      +Northriver Properties,    c/o Nathaniel Lawrence,     2835 N Sheffield St. 232,
               Chicago, IL 60657-9213
27190693      +Physicians Immediate Care,     PO Box 8799,    Carol Stream, IL 60197-8799
27190695      +Quest Diagnostic Center,     800 Austin St,    Evanston, IL 60202-3450
27190696      +Rush Copley,    Att: Bankruptcy,    PO Box 352,     Aurora, IL 60507-0352
27190697      +ShellPoint Mortgage,    Att: Bankruptcy Dept,    55 Beattie Place Ste 110,
               Greenville, SC 29601-5115
27190698      +Skokie Family Clinic,    Att: Bankruptcy,    8301 Skokie Blvd.,     Skokie, IL 60077-2546
27190699      +State of Illinois,    Att: Drivers Facility,    2701 S. Dirksen Parkway,
               Springfield, IL 62723-1000
27190700      +Thorek Memorial Hosptial,     2727 Paysphere Circle,    Chicago, IL 60674-0027
27190703     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
               (address filed with court: US Bank/RMS CC,    Attn: Bankruptcy,    Po Box 5229,
               Cincinnati, OH 45201)
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
27190667      +E-mail/Text: bkrpt@retrievalmasters.com Oct 26 2018 01:39:00     American Medical Collections,
               4 Westchester Plaza Bldg 4,    Elmsford, NY 10523-1615
27190670      +E-mail/Text: RBALTAZAR@ARMORSYS.COM Oct 26 2018 01:40:30     Armor Systems Corporation,
               1700 Kiefer Drive,    Suite 1,    Zion, IL 60099-5105
27190671      +E-mail/Text: bk@blittandgaines.com Oct 26 2018 01:38:35     Blitt and Gaines,    661 GLENN AVE,
               Wheeling, IL 60090-6017
27190677      +E-mail/Text: bankruptcynotices@dcicollect.com Oct 26 2018 01:40:03
               Diversified Consultants, Inc.,    Attn: Bankruptcy,    Po Box 551268,
               Jacksonville, FL 32255-1268
27190678      +E-mail/Text: Harris@ebn.phinsolutions.com Oct 26 2018 01:40:40     Harris & Harris,
               Att: Bankruptcy,    111 West Jackson Blvd. Ste 400,    Chicago, IL 60604-4135
27190681      +E-mail/Text: rev.bankruptcy@illinois.gov Oct 26 2018 01:39:09
               Illinois Department of Revenue,    PO BOX 64338,    Chicago, IL 60664-0291
27190683       E-mail/Text: cio.bncmail@irs.gov Oct 26 2018 01:38:29     Internal Revenue Service,
               c/o Centralized Insolvency Operatio,    Post Office Box 7346,    Philadelphia, PA 19101-7346
27190688      +E-mail/Text: clientservices@receivemorermp.com Oct 26 2018 01:40:20
               Medical Recovery Specialists,    Att: Bankrutpcy,    2250 E Devon Ave.,
               Des Plaines, IL 60018-4519
27190689      +E-mail/Text: bankruptcydpt@mcmcg.com Oct 26 2018 01:39:01     Midland Funding,
               2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
27190694      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 26 2018 01:44:44
               Portfolio Recovery,    Po Box 41021,    Norfolk, VA 23541-1021
27190701      +E-mail/Text: bankruptcydepartment@tsico.com Oct 26 2018 01:40:24     Transworld Systems Inc.,
               507 Prudential Rd.,    Horsham, PA 19044-2308
27190702      +E-mail/Text: bnc@alltran.com Oct 26 2018 01:38:19     United Recovery Systems,
               Att: Bankruptcy,    PO Box 722929,    Houston, TX 77272-2929
                                                                                              TOTAL: 12
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
27190675        Christopher Pralong
27190682*     +Illinois Department of Revenue,    PO BOX 64338,    Chicago, IL 60664-0291
27190687*     +Lionel Girardin,    327 Kilpatrick,    Wilmette, IL 60091-2953
27190690*     +Midland Funding,    2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
                                                                                 TOTALS: 1, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0752-1          User: lmendoza              Page 2 of 2              Date Rcvd: Oct 25, 2018
                              Form ID: pdf001             Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2018 at the address(es) listed below:
              David H Cutler    on behalf of Debtor 1 Carmen M D'Zela cutlerfilings@gmail.com,
                 r48280@notify.bestcase.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 2
```